# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **KATHERINE-MARIE ROACH,** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | Case No. 1:20-CV-615-LY-SH |
| **DOUGLAS BROWN AND** | § | |
| **ELIZABETH BROWN,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Complaint, filed June 10, 2020 (Dkt. 1); Defendant Elizabeth Brown's Motion to Dismiss, filed July 6, 2020 (Dkt. 7); Defendant Douglas Brown's Motion to Dismiss, filed July 6, 2020 (Dkt. 8); and Plaintiff's Motion for Hearing, filed August 14, 2020 (Dkt. 11).[1] On April 29, 2020, the District Court referred all pending and future nondispositive and dispositive motions to the undersigned Magistrate Judge for resolution and Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. Background

Plaintiff Katherine-Marie Roach's one-page Complaint alleges that Defendants Douglas Brown and Elizabeth Brown trespassed on her property "by way of its use of robbery" from October 18, 2018 to the present. Dkt. 1 at 1. Plaintiff seeks $700,000 in compensation "for the

---

[1] Because the Court does not have subject matter jurisdiction over this lawsuit, Plaintiff's Motion for a Hearing is **DENIED**.

initial and continual trespass upon my property." *Id.* Plaintiff asserts that the Court has jurisdiction over this matter pursuant to diversity jurisdiction. *See* Civil Cover Sheet, Dkt. 1-1 at 1.

On July 6, 2020, Defendants moved to dismiss this lawsuit for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and alternatively for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Because Plaintiff's Complaint failed to allege sufficient facts to demonstrate diversity of citizenship or support her trespass claim, on September 1, 2020, the Court ordered Plaintiff to file a More Definite Statement and directed her to answer the following questions:

> (1) What is your state of citizenship?
>
> (2) What is Defendant Douglas Roach's state of citizenship?
>
> (3) What is Defendant Elizabeth Roach's state of citizenship?
>
> (4) Are you alleging a civil trespass claim or a criminal trespass claim under Texas law?
>
> (5) Describe in more detail how Defendants allegedly trespassed on your property.
>
> (6) Describe what harm Defendants' alleged trespass caused to your property.

Dkt. 12 at 2-3. The Court further warned Plaintiff that "[f]ailure to fully comply with this Order by the deadline will result in the Court's recommendation that this case be dismissed." *Id.* at 3.

Plaintiff failed to file a More Definite Statement that fully answers the questions. Instead, Plaintiff filed a three-page affidavit containing fantastical and incomprehensible statements and allegations. *See* Dkt. 14 at 1, 18-19.[2] For example, in response to the Court's questions regarding her state citizenship, Plaintiff alleges that she has "declared State residency as American National

---

[2] Plaintiff also attached 18 pages of exhibits to her Affidavit, including photographs of unidentified children, screenshots of text messages and CM/ECF filings, and copies of correspondence with the Clerk of the Court. Dkt. 14 at 4-21.

within The United States of America." *Id.* at 1. Regarding Defendants' state citizenship, Plaintiff responds: "Let Douglas Brown and Elizabeth Brown come forth with evidence of their own citizenship or lack there-of . . . ." *Id.* at 18. Regarding her trespass claim, Plaintiff alleges the following:

> On the day of October 18, 2018, a man acting as sheriff of Sherman County and a Vehicle labeled "SWAT" showed up at my home threatening that i had 20 minutes to hand over my property, this was based on an Emergency Order, created by way of a Straw man (lawyer) filing a false report of an emergency where there wasn't one on Douglas Brown and Elizabeth Brown's behalf being hired to perform their dirty work [c.f. Texas Penal Code § 42.06. False Alarm or Report] [sic].
>
> ***
>
> Through this unlawful act the wrongdoers caused loss of property, including loss of enjoyment of property, and damage to property;
>
> Damage such as a few days prior to May 18th, 2020 Douglas and Elizabeth Brown failed to put proper sun protection on the property and it resulted in severe damage to the face, photo is from May 18th, 2020 [Exhibit F] [sic].[3]

*Id.* at 19.

Plaintiff fails to expound beyond these allegations with regard to the trespass to her property. Plaintiff fails to explain "how Defendants allegedly trespassed on your property" as ordered. Although not entirely clear, it appears that Plaintiff is referring to the adolescent boy shown in Exhibit F as her "property," and that somehow the Defendants are wrongfully possessing the boy. The Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims.

---

[3] Exhibit F is a photograph of a woman, a baby, and an adolescent boy. Dkt. 14 at 6. The boy appears to have a red abrasion on his nose. Plaintiff fails to identify any of the individuals in the photograph.

## II. Legal Standards

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction can be established by a federal question or diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction authorizes original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties in the United States." 28 U.S.C. § 1331. Diversity jurisdiction authorizes the courts to have jurisdiction over civil actions where the "matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of parties, meaning that no plaintiff is a citizen of the same State as any defendant. 28 U.S.C. § 1332(a); *Lincoln Property Co. v. Roche*, 546 U. S. 81, 89 (2005); *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). It is a well-settled rule that the party invoking jurisdiction in a federal court bears the sole burden of establishing all facts in support of subject matter jurisdiction. *Harvey Const. Co. v. Robertson-CECO Corp.*, 10 F.3d 300, 303 (5th Cir. 1994).

### B. Standing

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976).

One element of the case-or-controversy requirement is that a plaintiff must establish that she has standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). In order to establish standing, a

plaintiff must demonstrate (1) an injury in fact, (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a likelihood that the injury can be redressed by a favorable decision. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant," rather than to "the independent action of some third party not before the court." *Simon*, 426 U.S. at 41-42. Redressability requires that it is likely, "as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.*

    **C. Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**III. Analysis**

Plaintiff asserts that the Court has jurisdiction over this matter pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Dkt. 1-1 at 1. In order to invoke this Court's diversity jurisdiction, Plaintiff must demonstrate that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity

jurisdiction." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). "[W]hen jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." *Id.*

Plaintiff has failed to sustain her burden because she has failed to allege facts demonstrating that Plaintiff is a citizen of a different state than the Defendants. In her Affidavit, Plaintiff fails to identify her state citizenship, and instead avers that she has "declared State residency as American National within The United States of America." Dkt. 14 at 1. Plaintiff also fails to identify the citizenship of either Defendant, contending that Defendants must come forward "with evidence of their own citizenship." *Id.* at 18. Yet it is Plaintiff's burden to demonstrate diversity jurisdiction. *See Getty Oil*, 841 F.3d at 1259. Accordingly, Plaintiff has failed to demonstrate that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff also has failed to demonstrate that she has standing or that the Court has federal question jurisdiction over this lawsuit under 28 U.S.C. § 1331. Plaintiff fail to plead any viable federal claims "arising under the Constitution, laws, or treaties in the United States." *Id.* In her Complaint, Plaintiff brings only state law claims, alleging that Defendants trespassed on her property "by way of its use of robbery," and that their actions violated "Texas Penal Code § 42.06." Dkt. 1-1 at 1; Dkt. 14 at 19.[4] To the extent Plaintiff is attempting to pursue a private cause of action under the Texas Penal Code, such claims fail because the Texas Penal Code "does not create private causes of action, and a victim 'does not have standing to participate as a party in a criminal proceeding.'" *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied) (quoting TEX. CODE CRIM. PROC. ANN. art. 56.02(d)); *see also Crain v. City of Selma*, No. CV SA-16-CA-408-XR, 2016 WL 4212341, at *3 (W.D. Tex. Aug. 9, 2016) (dismissing claims under Texas Penal Code because private citizens lack standing to bring such claims).

---

[4] Plaintiff also complains that the Clerk of the Court violated her constitutional rights by docketing her lawsuit as a "Complaint" instead of a "Claim." Dkt. 14 at 1. This allegation is entirely frivolous.

Moreover, the federal courts, as a general rule, do not adjudicate cases involving domestic relations such as child custody issues, even when there might otherwise be a basis for federal jurisdiction. *See Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber* [*v. Barber*, 62 U.S. 582 (1858)], divests the federal courts of power to issue divorce, alimony, and child custody decrees."). Thus, even if Plaintiff had established subject matter jurisdiction, which she has not, the Court would decline to exercise jurisdiction over this case because it involves child custody issues.

In sum, Defendants' Motions to Dismiss should be granted as the Court lacks subject matter jurisdiction to review this case.[5]

### IV.   Order and Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Dkts. 7 and 8) and **DISMISS** this lawsuit in its entirety without prejudice. It is **FURTHER ORDERED** that Plaintiff's Motion for Hearing (Dkt. 11) is **DENIED**.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

### V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

---

[5] Because the Court does not have subject matter jurisdiction to review this case, the Court need not address Defendants' Rule 12(b)(6) arguments.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on September 20, 2020.

_____  
SUSAN HIGHTOWER  
UNITED STATES MAGISTRATE JUDGE